ARTHULA STONECIPHER *et al.*

*v.*

SAMUEL HALL.

WITNESS—*competency.*  In a suit to enforce a vendor's lien against the widow and heirs of the deceased vendee, the complainant is a competent witness to disprove a conversation alleged to have been had between himself and another witness who testified on the hearing.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. HENRY C. GOODNOW, and Mr. DWYER TRACY, for the plaintiffs in error.

Mr. B. B. SMITH, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a bill in equity, by Hall, the defendant in error, to enforce a vendor's lien upon a tract of land described therein, which he had sold and conveyed to one Alexander B. Stonecipher, in his life time. The bill alleges the sale, purchase and conveyance of the land, the consideration to be paid in all, the amount which had been paid, and that which was still due and unpaid; alleges the death of the vendee, who are his widow and heirs at law, making the widow, infant heirs and administrator of his estate parties defendant, praying that a vendor's lien might be declared in complainant's favor. The infants were duly summoned, a guardian *ad litem* was appointed for them, who filed the usual answer. The adult defendants appeared and filed answers. To the answers replication was filed. The court, on the hearing of the case upon pleadings and proofs, decreed in favor of Hall, and the defendant brings the case to this court by writ of error. The errors assigned are frivolous.

The proof shows a case for a vendor's lien beyond all reasonable doubt. The only defense attempted to be set up was that Hall specifically agreed to take the individual responsibility of Joshua Stonecipher and Alexander. Joshua was Alexander's father, and he agreed to pay one-half of the purchase money as an advancement to his son. This half he paid. The land was conveyed to Alexander, and, for the other half of the purchase money, Alexander gave his own

notes, with interest, which had not been paid. Joshua was offered as a witness to sustain this defense. Then Hall was offered, in his own behalf, for the sole purpose of contradicting Joshua's evidence as to a conversation between himself and Hall. For this purpose Hall was a competent witness.

Finding no error in the record, the decree of the court below must be affirmed.

*Decree affirmed.*